IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIAM DE JESÚS TORRES,<br><br>Plaintiff,<br><br>v.<br><br>PHYSICIAN HMO, INC.; ADRIÁN ACEVEDO COLÓN, JANE DOE AND THEIR CONYUGAL PARTNERSHIP; ABC<br><br>Defendants. | CIVIL NO.: 23-1607<br><br>Employment Discrimination on the basis of Sex and Sexual Harrasment; Hostile Work Environment; Retaliation; Damages<br><br>Jury Trial Requested |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW** plaintiff Mariam de Jesús Torres ("De Jesús"), through counsel and respectfully states and prays:

### I. NATURE OF THE ACTION

1. This is an action brought by De Jesús against her employer, Physician HMO, Inc. ("PHI"), and supervisor Dr. Adrián Acevedo Colón ("Dr. Acevedo"), who are liable to De Jesús for discrimination and sexual harassment, hostile work environment, retaliation, and damages.

### II. JURISDICTION

2. This Court has jurisdiction to entertain this civil action, under 28 U.S.C. § 1331, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e

*et seq.* ("Title VII"); and the Anti-retaliation provision of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-3.

3. The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the causes of action arising under Puerto Rico law: Law No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §§ 146 *et seq.* ("Law 100"); Law No. 69 of July 6, 1985, as amended, 29 L.P.R.A. §§ 1321 *et seq.* ("Law 69"); Law No. 17 of April 22, 1988, as amended, 29 L.P.R.A. § 155 *et seq.*, ("Law 17"); Law No. 115 of December 20, 1991, as amended, 29 L.P.R.A. §§ 194 *et seq.*, ("Law 115"), Articles 1536, 1538(2) and 1539 of the Civil Code of Puerto Rico of 2020, and the Constitution of the Commonwealth of Puerto Rico.

4. The plaintiffs exhausted her administrative remedies by filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and received the Right to Sue letter on September 14, 2023.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), since this is the judicial district where the events, conduct and/or omissions giving rise to the instant Complaint occurred.

### III.   JURY TRIAL DEMANDED

6. Jury trial is demanded on all causes of action.

### IV.   PARTIES

7. The plaintiff De Jesús is a female residing in Arroyo, Puerto Rico. She is a licensed pharmacy technician employed by PHI and protected by the stated statutes.

8. Co-defendant PHI is a domestic for-profit corporation registered with the Department of State of the Commonwealth of Puerto Rico, providing health services in

2

the Guayama Correctional Center. Its central offices are located at 479 Tte. César Luis González Street, Urb. Eleanor Roosevelt, San Juan, Puerto Rico. PHI is an "employer" as defined by the stated statutes and employs more than 200 employees at all relevant times.

9. Codefendant Dr. Acevedo is a male physician resident of Puerto Rico and occupying the position of Medical Director of PHI in the Guayama Correctional Center at all relevant times. He is sued in his personal capacity and as member of his conjugal partnership.

10. Codefendant Jane Doe is Dr. Acevedo's spouse whose name and other information is not currently known and is sued as member of the conjugal partnership with Dr. Acevedo.

11. Co-defendant ABC is used to designate any insurer that may have issued a policy covering the acts and omissions committed by Defendants against the plaintiff. The correct identity of such companies is unknown, and will be properly identified after such information is obtained.

## V. STATEMENT OF CLAIM

12. De Jesús, a licensed pharmacy technician, was hired by PHI on October 1, 2018.

13. Around 2021, De Jesús became the target of a pattern of sexual harassment from Dr. Acevedo, a supervisor at PHI, as well as harassment and retaliation from her peers.

14. Dr. Acevedo began sexually harassing his subordinate De Jesús, by repeatedly making unwelcome advances and sexually suggestive comments to De Jesús, as well as engaging in inappropriate physical contact.

15. Dr. Acevedo, a married man, would tell De Jesús that he was willing to be her sugar daddy; that he would marry her if she gave him a chance; that he would give up his current marriage for her; that he could economically help her if they were together. He would also make comments about her work uniform (her scrubs), how they fit her, and how her uniform was his favorite; that he wanted to eat her up; and he would ask her out to eat and drink whisky. Dr. Acevedo addressed De Jesús as "my baby", "my love", "beautiful", "precious".

16. Despite De Jesús repeatedly telling Dr. Acevedo to stop, and that she had no interest in dating anyone at work, Dr. Acevedo persisted in his conduct. Actually, his conduct got worse after she asked him to stop.

17. Dr. Acevedo would make pelvic movements around De Jesús when he had her attention, he would blow her kisses, and he would point to his genital region. He would also loudly sing love songs around her. Dr. Acevedo's conduct negatively affected De Jesús and her time at work.

18. De Jesús complained multiple times to her supervisors about Dr. Acevedo's conduct and harassment, but no action was taken against Dr. Acevedo and nothing was done to prevent or correct this harassment.

19. On the contrary, PHI condoned Dr. Acevedo's conduct and dismissed De Jesús's complaints. The supervisors told De Jesús that her complaints were "*boberías*" (Spanish for silly insignificant things).

20. The PHI supervisors also told De Jesús that she needed to be more open, that Dr. Acevedo was just flirty and paternal, and that Dr. Acevedo's comments were simply his way of expressing himself.

21. De Jesús's complaints were not the first time that female employees at PHI complained about Acevedo inappropriate and harassing conduct, as Dr. Acevedo had behaved this way with more women, and PHI was well aware of Dr. Acevedo's conduct against female employees.

22. Dr. Acevedo's conduct, and PHI's acceptance of such conduct, created a hostile work environment for De Jesús.

23. Dr. Acevedo's conduct also affected De Jesús's work. Dr. Acevedo would require De Jesús to sit next to him in order for Dr. Acevedo to sign off on De Jesús' paper work, which De Jesús needed to be able to complete daily tasks.

24. And the abuse was not just verbal. In August 2022, while De Jesús was in her work area, Dr. Acevedo approached De Jesús from behind and, without her consent, kissed her head.

25. That same day, De Jesús complained again to PHI supervisors about Dr. Acevedo, telling them that she could not deal with the situation any more.

26. De Jesús also filed a complaint in the Anti-discrimination Unit of the P.R. Labor and Human Resources Department

27. Despite her complaints, PHI did nothing to correct Dr. Acevedo's behavior.

28. Due to severe stress and mental and emotional suffering, De Jesús visited a physician who ordered her to rest for two weeks in September 2022.

29. To make matters worse, after De Jesús complained to several supervisors and filed her complaint before the Anti-Discrimination Unit, and upon returning from her rest, PHI took action against De Jesús. PHI significantly changed De Jesús's job duties and tasks. PHI also changed De Jesús's schedule, and restricted her movement around the office. PHI further changed De Jesús's work station and even removed necessary equipment required by De Jesús to perform her work. All of these actions materially affected De Jesús' terms and conditions of employment in retaliation for her complaints against Dr. Acevedo. The changes in her schedule affected De Jesús in her family relations, for example, in not being able to pick up her daughter at the end of her school day.

30. Dr. Acevedo's peers also began to ridicule her at work and call her names because she had complained about harassment and discrimination. Her peers also altered her completed work, and made false accusations against her.

31. Despite her efforts, the sexual harassment by Dr. Acevedo also continued at work upon her return from sick leave. In October 2022, De Jesús' continuing stress and anxiety caused her to begin suffering from elevated blood pressure, and she reported herself to the State Insurance Fund to receive medical treatment. Due to her symptoms, she was ordered to rest until November 14, 2022.

32. Upon her return, the sexual harassment by Dr. Acevedo continued, further affecting and harming De Jesus's health and wellbeing.

6

33. The *Oficina de la Procuradora de la Mujer* of the Commonwealth of Puerto Rico (Office of the Solicitor for Women's Affairs), issued a letter report on February 27, 2023 on De Jesús claim. It recounts an investigation undertaken in PHI.

34. The solicitor's officer recounts a pertinent aspect of the investigation as follows:

> As part of the process, it is also indicated that Ms. Jeannette Colón, Administrator of Health Information Management, [of PHI] was interviewed. She also confirmed that [De Jesús] shared [her] discomfort about Mr. Acevedo's behavior. Ms. Colón shared in this interview that 'something similar happened to her' concerning the doctor's behavior. In addition, Mrs. Michelle Santiago was interviewed and she confirmed that she went through the same event when she received a kiss in the head from Mr. Acevedo.
>
> The report received also included the interview of Ms. Brenda González, who has received inappropriate comments from Mr. Acevedo. In sum, the report gathered the experiences of different women who worked along Dr. Acevedo.

35. In a conversation recorded in PHI's vox system, Dr. Acevedo admitted to Mr. Padró, a De Jesús supervisor, that "what I have told her… I mean, joking with her… I have told her a couple of things, but never touched her, never tried to do anything to her, maybe… well, my bad if I told her something."

36. Among Dr. Acevedo's trite justifications, were his comments that "she is psychiatric", "she has problems", and "she's been with several other guys".

37. The treatment that De Jesús received from PHI's supervisors and subordinate staff is different from the treatment received by her male peers.

38. Although De Jesús informed the harassment described in the previous paragraphs to her supervisors at PHI, none of them took any action to correct this kind of behavior.

39. The acts described above have created a hostile and abusive work environment for De Jesús, who has suffered and continues to suffer mental and emotional anguish due to the defendants' actions and omissions.

40. Defendants' actions, omissions and retaliation against De Jesús have been motivated by her sex, and her reluctance to accept Defendants' unlawful employment practices in violation of local and federal statutes.

41. Defendants' actions and omissions have also been intentional, malicious, and in wanton and reckless violation of federal and state laws.

42. Defendants are liable for all the damages caused to De Jesús as a result of the discriminatory, retaliatory and tortious conduct related herein.

## VI.   FIRST CAUSE OF ACTION

TITLE VII - DISCRIMINATION ON THE BASIS OF SEX, SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT

43. The previous allegations are incorporated herein and made part of this cause of action.

44. This cause of action is brought against PHI and Dr. Acevedo in his capacity as a supervisor of De Jesús at PHI.

45. The events described herein caused by Dr. Acevedo and PHI constitute sexual harassment, a hostile work environment, and illegal discrimination on the basis of

De Jesús's sex. PHI had knowledge of these events and failed to take any corrective measures.

46. PHI's and Dr. Acevedo's conduct violates Title VII of the Civil Rights Act, and De Jesús is a victim of unlawful discrimination and an abusive and hostile work environment. As such, De Jesús seeks redress for PHI's and Dr. Acevedo's unlawful conduct.

47. As a result of PHI's and Dr. Acevedo's violation of Plaintiff's rights under the above-mentioned statutes, De Jesús suffered emotional, mental and physical harm, and the Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions. Plaintiff is entitled to the rights and remedies provided by Title VII.

### VII.   SECOND CAUSE OF ACTION

LAW 100, 69, AND 17 - DISCRIMINATION ON THE BASIS OF SEX, SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT

48. The previous paragraphs are incorporated herein and made part of this cause of action.

49. Plaintiff's cause of action under Law 100, Law 69, and Law 17 are brought against PHI and Dr. Acevedo in his personal and supervisory capacities because of their discriminatory actions towards plaintiff by reason of her sex.

50. With their illegal actions, Defendants have willfully and/or with deliberate indifference violated De Jesús's rights under Law 100, Law 69, and Law 17.

51. As a result of Defendant's violation of the above-mentioned local statutes, De Jesús suffered severe mental, emotional and physical anguish, and Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions. Plaintiff is entitled to the rights and remedies provided by Laws 100, 69, and 17.

## VIII.   THIRD CAUSE OF ACTION

RETALIATION UNDER TITLE VII

52. The previous allegations are incorporated herein and made part of this cause of action.

53. This cause of action is brought against PHI.

54. Defendants committed unlawful employment practices when they retaliated against De Jesús as a result of her efforts to oppose practices prohibited by Title VII. 42 U.S.C. § 2000e-3(a).

55. De Jesús was a victim of retaliation after having engaged in protected activity under Title VII, and suffered worsening working conditions after complaining of discrimination.

56. As a result of PHI and Dr. Acevedo's illegal conduct constituting retaliation, De Jesús suffered severe mental, emotional and physical harm, and PHI is liable for all damages caused by such conduct. De Jesús is entitled to the rights and remedies provided by Laws 100, 69, and 17.

## IX.   FOURTH CAUSE OF ACTION

RETALIATION UNDER LAW 115

57. The previous allegations are incorporated herein and made part of this cause of action.

58. This cause of action is brought against PHI and Dr. Acevedo in his official and personal capacity.

59. Defendants committed unlawful employment practices when they retaliated against the De Jesús as a result of her efforts to oppose and complain about practices prohibited by Puerto Rico's employment statutes.

60. De Jesús was a victim of retaliation after having engaged in protected activity under Law 115, and suffered worsening working conditions as a result of complaining of discrimination.

61. As a result of PHI and Dr. Acevedo's illegal conduct constituting retaliation, De Jesús suffered severe mental, emotional, and physical harm, and PHI is liable for all damages caused by such conduct. Plaintiff is entitled to the rights and remedies provided by Law 115.

## X.     FIFTH CAUSE OF ACTION

### DAMAGES UNDER ARTICLES 1536, 1538 AND 1539
### OF THE PUERTO RICO CIVIL CODE OF 2020

62. The previous allegations are incorporated herein and made part of this cause of action.

63. Defendants incurred in tortious and negligent conduct under Puerto Rico tort law distinct from that covered by the specific labor laws invoked in this Complaint, which caused De Jesús to suffer severe mental and emotional damages.

11

64. Defendants negligent and illegal conduct constitutes the proximate cause of Plaintiff's damages and injuries, and they are liable for their acts and omissions, as well as those of their employees, as they have caused Plaintiff's damages through their negligent and/or willful conduct.

65. As a result of Defendants' conduct and violations to Articles 1536, 1538 and 1539, Plaintiff suffered severe mental, emotional and physical anguish, and Defendants are liable under said statutes. De Jesús is entitled to the rights and remedies provided by the abovementioned statutes.

66. Under Article 1538 of the Civil Code, De Jesús is entitled to punitive damages or additional indemnification of double the sum provided under Art. 1536, since Defendants' conduct was intentional and was carried out with gross disregard for the life and safety of others.

## XI.    SIXTH CAUSE OF ACTION

### VIOLATION UNDER THE CONSTITUTION OF PUERTO RICO

67. The previous allegations are incorporated herein and made part of this cause of action.

68. Defendants' conduct constitutes a violation of Plaintiff's constitutional right to protection against abusive attacks against her honor, her reputation, her dignity and her personal integrity on her job, as established by Sections 1, 8 and 16 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico.

69. As a direct result of Defendants' unlawful, willful, and intentional violation of Plaintiff's rights, Plaintiff has suffered severe mental and emotional anguish.

70. As a result of Defendants' violations to the Puerto Rico Constitution, De Jesús is entitled to remedies under the Constitution.

## XII. RELIEF

**WHEREFORE**, the plaintiff prays that this Honorable Court:

a. Find that the defendants have violated the Plaintiff's rights in violation of statutes mentioned above;

b. Award plaintiff compensatory damages, in an amount of no less than $1,000,000.00, for the emotional, mental, and physical damages suffered by the plaintiff;

c. Award the plaintiff punitive damages under federal and Puerto Rico law;

d. Award the plaintiff double damages under the applicable statutory penalties;

e. Award prejudgment and post judgment interest;

f. Award the plaintiff the costs of this action, together with reasonable attorney's fees.

g. Award the plaintiff any other remedies to which she is entitled to, under the law and/or equity.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 12th day of December, 2023.

IT IS HEREBY CERTIFIED that on this same date, the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**MORELL CARTAGENA & DAPENA**
PO Box 13399
San Juan, PR 00908
Tel. 787-723-1233
Fax. 787-723-8763

*/s/ Ramón Dapena*
USDC PR No. 125005
ramon.dapena@mbcdlaw.com

*/s/ Iván J. Lladó*
Iván J. Lladó
USDC PR No. 302002
ivan.llado@mbcdlaw.com